**Susie JOURNIGAN, Plaintiff,**

**v.**

**EASTOVER BANK FOR SAVINGS, Defendant.**

**No. J91–0682(B).**

United States District Court, S.D. Mississippi, Jackson Division.

Oct. 22, 1992.

Jim Waide and Luther C. Fisher, IV, Tupelo, Miss., for plaintiff.

Paul O. Miller, III, Steven J. Allen, Jackson, Miss., for defendant.

## OPINION AND ORDER

BARBOUR, Chief Judge.

This cause is before the Court on Motions of Defendant Eastover Bank for Savings for Partial Summary Judgment and to Strike Plaintiff Susie Journigan's Prayer for Compensatory and Punitive Damages and Demand for Jury Trial. Having reviewed the Motions and supporting and opposing memoranda, the Court is of the opinion that both Motions are well taken and should be granted.

## I. BACKGROUND

Plaintiff Susie Journigan filed a Complaint claiming that Defendant failed to promote her and terminated her employment because she is black. Plaintiff alleges discriminatory failure to promote in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981, and discriminatory discharge in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Plaintiff seeks, in addition to back pay and reinstatement, compensatory and punitive damages following a jury trial.

Defendant moves for partial summary judgment, contending that its failure to promote Plaintiff is not actionable under Section 1981. Defendant also moves to strike Plaintiff's prayer for compensatory and punitive damages and her demand for jury trial, contending that these are not available under Title VII.

## II. SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure states in relevant part that summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56(c). The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *see also Moore v. Mississippi Valley State University,* 871 F.2d 545, 549 (5th Cir. 1989); *Washington v. Armstrong World Indus., Inc.,* 839 F.2d 1121, 1122 (5th Cir. 1988).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2552. The movant need not, however, support the motion with materials that negate the opponent's claim. *Id.* As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim. *Id.* at 323–324, 106 S.Ct. at 2552–53. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324, 106 S.Ct. at 2553.

■ Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists. The district court, therefore, must not "resolve factual disputes by weighing conflicting evidence, ... since it is the province of the jury to assess the probative value of the evidence." *Kennett–Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir.1980). Summary judgment is improper where the court merely believes it unlikely that the non-moving party will prevail at trial. *National Screen Service Corp. v. Poster Exchange, Inc.*, 305 F.2d 647, 651 (5th Cir.1962).

## III. SECTION 1981

■ Defendant asserts that it is entitled to summary judgment on Plaintiff's Section 1981 promotion claim because the promotion at issue did not rise to the level of an opportunity for a new and distinct relationship between Plaintiff and Defendant, as required by *Patterson v. McLean Credit Union*, 491 U.S. 164, 185, 109 S.Ct. 2363, 2377, 105 L.Ed.2d 132 (1989). Neither in the Complaint nor in her Response to Defendant's Motion does Plaintiff allege or present evidence that the desired promotion rose to the level required by *Patterson*. Subsequent to the filing of Plaintiff's Complaint, however, Congress enacted the Civil Rights Act of 1991 ("the 1991 Act"), amending Section 1981 to govern "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). Section 1981(b) thus appears to overrule the requirement of *Patterson* that a promotion be tantamount to the formation of a new contract for its discriminatory denial to be actionable under Section 1981.

Plaintiff contends that the Court should apply the 1991 Act retroactively to afford Plaintiff a cause of action under Section 1981(b). The decision of the United States Court of Appeals for the Fifth Circuit in *Johnson v. Uncle Ben's, Inc.*, 965 F.2d 1363 (5th Cir.1992), however, clearly dictates otherwise. In *Uncle Ben's*, the Fifth Circuit specifically held that the 1991 Act does not apply retroactively to create a Section 1981(b) right of action to remedy conduct occurring prior to enactment of the 1991 Act. This case thus is governed by Section 1981 as it existed when interpreted by the United States Supreme Court in *Patterson*. Accordingly, *Patterson* controls. Because Plaintiff fails even to allege that the promotion denied her meets the requirement of *Patterson*, the Court finds that Defendant is entitled to summary judgment on Plaintiff's Section 1981 claim.

## IV. DAMAGES

■ In her Complaint Plaintiff prays for compensatory and punitive damages in addition to reinstatement with back pay. Because the Defendant is entitled to summary judgment on Plaintiff's Section 1981 claim, the Court will determine whether Plaintiff is entitled to these damages under Title VII.

Under Title VII as it existed before the 1991 Act, plaintiffs were not allowed punitive or compensatory damages. *Bennett v. Corroon & Black Corp.*, 845 F.2d 104, 106–07 (5th Cir.1988), *cert. denied*, 489 U.S. 1020, 109 S.Ct. 1140, 103 L.Ed.2d 201 (1989). The 1991 Act created a new provision, Section 1981a(a)(1), which allows plaintiffs who cannot recover under Section 1981 to recover punitive and compensatory damages under Title VII for intentional discrimination.[1] In *Landgraf v. USI Film Products*, 968 F.2d 427 (5th Cir.1992), however, the Fifth Circuit held that Section

1. Section 1981a(a)(1) provides:
   In an action brought by a complaining party under sections 706 or 717 of the Civil Rights Act of 1964 (42 U.S.C. § 2000e–5) against a respondent who engaged in unlawful intentional discrimination (not an employment practice that is unlawful because of its disparate impact) prohibited under sections 703, 704, or 717 of the Act (42 U.S.C. § 2000e–

   2 or § 2000e–3), and provided that the complaining party cannot recover under section 1981 of this title, the complaining party may recover compensatory and punitive damages ..., in addition to any relief authorized by section 706(g) of the Civil Rights Act of 1964, from the respondent.
   42 U.S.C. § 1981a(a)(1).

1981a(a)(1) does not apply retroactively to pending cases. *Id.* at 433. Accordingly, the Court will strike Plaintiff's claim for compensatory and punitive damages from her Complaint. Plaintiff may be entitled, of course, to reinstatement and/or back pay upon successfully proving a Title VII violation and resulting loss. *Albemarle Paper Co. v. Moody,* 422 U.S. 405, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975); *Marks v. Prattko, Inc.,* 607 F.2d 1153, 1155 (5th Cir. 1979).

## V. JURY TRIAL

■ Section 1981a(c), also created by the 1991 Act, allows parties to Title VII suits brought pursuant to Section 1981a to demand a jury trial.[2] Plaintiff argues that she is entitled to retroactive application of this provision because the right to a jury trial is procedural rather than substantive, and statutory provisions affording procedural rights are to be applied retroactively. Alternatively, Plaintiff asserts that she is guaranteed the right to a jury trial by the Seventh Amendment to the United States Constitution.[3]

The Court need not decide whether to apply Section 1981a(c) retroactively, because even retroactive application of the Section affords her no right to a jury trial. Section 1981a(c) provides that if a complaining party seeks compensatory or punitive damages *under Section 1981a,* then any party to the suit may demand a jury trial. Section 1981a(a)(1) is the only provision in Section 1981a affording compensatory and punitive damages to redress racial discrimination. Because the Court holds that Plaintiff cannot properly seek compensatory or punitive damages under Section

1981a(a)(1), Plaintiff has no claim for compensatory or punitive damages under Section 1981a, and Plaintiff necessarily cannot demand a jury trial under Section 1981a(c).[4]

■ Plaintiff's constitutional argument also must fail. In *Belmont Homes,* the Fifth Circuit squarely held that the Seventh Amendment does not guarantee a right to jury trial in suits seeking reinstatement and back pay under Title VII. The court based its holding on the longstanding rule that such remedies are equitable, rather than legal, and that the Seventh Amendment guarantees jury trial only for actions at law, not actions in equity. *Belmont Homes,* 970 F.2d at 55–56 (citing *Young v. City of Houston,* 906 F.2d 177, 181 n. 3 (5th Cir.1990); *Johnson v. Georgia Highway Express,* 417 F.2d 1122 (5th Cir.1969)). Because the Court today holds that Plaintiff may seek only the equitable remedies available in *Belmont Homes,* there is no reason to depart from the reasoning of that case. Accordingly, the Court will strike Plaintiff's jury demand from her Complaint.

## VI. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion for Partial Summary Judgment is granted as to Plaintiff's claim under Section 1981.

IT IS FURTHER ORDERED that Defendant's Motion to Strike is granted as to Plaintiff's prayer for compensatory and punitive damages and Plaintiff's jury demand.

SO ORDERED.

■

---

**2.** Section 1981a(c) provides:

If a complaining party seeks compensatory or punitive damages under this section—
(1) any party may demand a trial by jury. . . .
42 U.S.C. § 1981a(c).

The use of the term "this section" in Section 1981a(c) clearly refers to Section 1981a, of which Section 1981a(c) is a subsection.

**3.** The Seventh Amendment provides that "[i]n suits at common law, . . . the right of a trial by jury shall be preserved." U.S. Const. amend. VII.

**4.** The plaintiff in *Landgraf* likewise argued a right to jury trial under Section 1981a(c). *Landgraf* is not controlling in this case, however, because in that case the Fifth Circuit declined to reverse the district court because the district court had conducted a bench trial prior to the enactment of the 1991 Act, correctly applying the law in effect at the time of trial. *Landgraf,* 968 F.2d at 432–33; *see also Wilson v. Belmont Homes, Inc.,* 970 F.2d 53, 56 (5th Cir. 1992). The Fifth Circuit has not yet ruled on the issue of retroactive application of Section 1981a(c) to cases tried after enactment of the 1991 Act.