**Thomas E. JOHNSTON, Plaintiff,**

v.

**Paul H. O'NEILL, Defendant.**

No. 3:02CV7084.

United States District Court,
N.D. Ohio,
Western Division.

July 7, 2003.

Thomas E. Johnston, Pro se, Joel J. Kirkpatrick, Law Office of Joel Kirkpatrick, Toledo, OH, for Thomas E. Johnston, Plaintiff.

Lawrence J. Kiroff, Office of the United States Attorney, Toledo, OH, for Paul H. O'Neill, Secretary of the United States Department of Treasury, Defendant.

## ORDER

CARR, District Judge.

Plaintiff Thomas E. Johnston brings this case against defendant Paul H. O'Neill, Secretary of the United States Department of Treasury (the "Department"), for retaliation in violation of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq.*, and discrimination on the basis of age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* This court has jurisdiction pursuant to 29 U.S.C. § 1331. Pending is defendant's motion for partial summary judgment pursuant to Fed.R.Civ.P. 56(c). For the following reasons, defendant's motion shall be granted in part and denied in part.

## BACKGROUND

In 1977, plaintiff began working as a special agent for the Bureau of Alcohol, Tobacco and Firearms (ATF), an agency of the Department.[1] The facts of plaintiff's

---

1. Effective January 24, 2003, the ATF was transferred to the Department of Justice from

case are complex but fall rather neatly into four categories.

## I. The Pre–Administrative Complaint Allegations

On February 1, 1996, plaintiff applied for the position of ATF Detroit Group Supervisor pursuant to Vacancy Announcement 96–112 ("VA 96–112").

On March 6, 1996, plaintiff and two other ATF special agents filed a group grievance with the ATF. The grievance included allegations of racial discrimination, racial harassment, and hostile work environment created by another ATF employee.

On or about April 26, 1996, the ATF denied plaintiff the promotion to Detroit Group Supervisor.

On May 3, 1996, the ATF directed the group to file their grievance with an Equal Employment Opportunity ("EEO") counselor. On May 17, 1996, the ATF settled the group complaint with the other two grievants—granting the relief they sought in full. Plaintiff, however, was denied any relief.

## II. Plaintiff's Individual EEO Complaint

On May 28, 1996, plaintiff filed an individual EEO complaint with the Department claiming that he was discriminated against based on his age and retaliated against based on his prior participation in the EEO process. Examples of the alleged discrimination and retaliation included: 1) plaintiff was subjected to a hostile work environment because the ATF hired "an unsuitable female employee" who "exhibited aggressive, belligerent and intolerable behavior both verbally and physically against other male and female co-workers"; 2) on March 6, 1995, plaintiff was reassigned from a supervisory position in Toledo, Ohio, to a criminal investigative position in Detroit; 3) in March, 1996, plaintiff was notified that he was being

the Department of Treasury pursuant to the

investigated by the ATF's Office of Internal Affairs; and 4) plaintiff was not selected for the position of Detroit Group Supervisor in April, 1996, (VA 96–112). Def.'s Ex. 4.

On July 23, 1996, the Department informed plaintiff that an EEO investigator would process the following allegation from his EEO complaint:

> Whether Complainant was discriminated against based on his age (47—Date of Birth—10/23/48), sex (Male) and retaliated against based on his prior participation in the EEO process when on or around April 26, 1996, he was not selected for the position of Detroit Group Supervisor . . . .

Def.'s Ex. 1.

Plaintiff's allegations of hostile work environment, improper investigation, and reassignment were dismissed. The Department found that plaintiff failed to state a claim for hostile work environment and improper investigation because plaintiff was not an "aggrieved employee" under 29 C.F.R. § 1614.103. Specifically, plaintiff did not suffer any injury at the hands of ATF management. Def.'s Ex. 2. In the alternative, the Department also dismissed plaintiff's allegations of hostile work environment, reassignment, and improper investigation because they were untimely. Plaintiff had not initiated contact with an EEO counselor within forty-five days of the effective date of the action as required by 29 C.F.R. § 1614.105(a)(1). Def.'s Ex. 2. Plaintiff did not appeal the dismissal of these claims.

On November 5, 1996, the Department requested the services of an EEOC administrative law judge to decide whether plaintiff had been discriminated or retaliated against when he was denied the pro-

Homeland Security Act, Public Law 107–296.

motion to Detroit Group Supervisor pursuant to VA 96–112.

On March 4, 1998, the EEOC administrative law judge concluded that plaintiff failed to establish that the ATF denied plaintiff a promotion because of discriminatory animus or retaliatory intent.

On November 16, 2001, the EEOC denied plaintiff's request for reconsideration and provided plaintiff with the right to file a civil action within ninety days.

### III. The Post–EEO Complaint Allegations

In June, 1996, plaintiff again applied for a promotion to the position of Detroit Group Supervisor (VA 96–276). He was denied the promotion.

In April, 1997, plaintiff claims the ATF authorized a "secret" criminal investigation of the plaintiff by the Office of Internal Affairs. On September 10, 1997, plaintiff claims that the Office of Internal Affairs concluded that the criminal investigation was unfounded.

On January 2, 1998, plaintiff claims he was forced to retire from the ATF.

### IV. The Judicial Complaint

In February, 2002, plaintiff filed this lawsuit. His complaint contains two counts: age discrimination and discriminatory retaliation for participation in the EEO complaint process.

Plaintiff claims he was discriminated against on the basis of age when, in April, 1996, he was denied the promotion to Detroit Group Supervisor pursuant to VA 96–112. Similarly, plaintiff claims he was discriminated against on the basis of age when, in June, 1996, he was denied a promotion to Detroit Group Supervisor pursuant to VA 96–276.

Plaintiff claims he was retaliated against for participation in the EEO complaint process when he was 1) denied the promotion to Detroit Group Supervisor pursuant to VA 96–112 and VA 96–276; 2)

subjected to "secret" and "unfounded" criminal investigation by the ATF in 1997; and 3) constructively discharged because of the "continuing Hostile Working Environment which the Plaintiff was enduring coupled with the unknown aspects of the secret criminal investigation against him" Complt. ¶¶ 35, 36, 37.

Defendant moves for partial summary judgment on those claims unexhausted administratively or filed in an untimely manner, including 1) the allegation of a hostile work environment; 2) plaintiff's non-selection for the supervisor position in June, 1996, pursuant to VA 96–276; 3) the allegation of a secret criminal investigation; and 4) the allegation of constructive discharge.

### STANDARD OF REVIEW

Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. *Id.* at 323, 106 S.Ct. 2548. The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (quoting FED. R. CIV. P. 56(e)).

Once the burden of production shifts, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is insufficient "simply [to] show that there is some metaphysical doubt as to the materi-

al facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Rather, Rule 56(e) "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548.

In deciding the motion for summary judgment, the evidence of the non-moving party will be accepted as true, all doubts will be resolved against the moving party, all evidence will be construed in the light most favorable to the non-moving party, and all reasonable inferences will be drawn in the non-moving party's favor. *Eastman Kodak Co. v. Technical Servs., Inc.*, 504 U.S. 451, 456, 112 S.Ct. 2072, 119 L.Ed.2d 265 (1992). Summary judgment shall be rendered only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c).

## DISCUSSION

### I. Title VII and Federal Employment

 Title VII is the sole remedial scheme available to plaintiffs claiming discrimination in federal employment. *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 829, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). Attached to the right to sue in federal court under Title VII is the requirement that "the complainant must seek relief in the agency that has allegedly discriminated against him." *Id.* at 832, 96 S.Ct. 1961; *see also* 42 U.S.C. § 2000e–16(b)(1). According to the regulations, a federal employee who feels he or she has been discriminated against must first bring the matter to an EEO counselor within forty-five days of the alleged discrimination. 29 C.F.R. § 1614.105(a)(1). If there is no resolution with the counselor, the aggrieved person may file a formal discrimination complaint with the federal agency. § 1614.105(d).

Once the complaint is processed, the federal agency must investigate the complaint. § 1614.108(a). If the agency dismisses a complaint for the reasons stated in § 1614.107,[2] the agency takes final action by issuing a final decision that explains the rationale of the dismissal. The final decision must contain notice of the right to appeal the final action to the EEOC or the right to file a civil action in federal district court. § 1614.110(b).

If the complainant requests a hearing, the agency must request the EEOC to appoint an administrative judge to conduct the hearing. § 1614.109(a). After the administrative judge issues a decision, the federal agency must take final action on the complaint by issuing a final order within forty days of receipt of the judge's decision. § 1614.110.

Within ninety days of the complainant's receipt of notice of final action, (or, in the alternative, within ninety days of notice of final action by the EEOC on appeal from the federal agency determination) a complainant may file a civil action against the head of the particular department or agency as defendant. 42 U.S.C. § 2000e–16(c).

### II. Hostile Work Environment

Defendant argues that plaintiff's hostile work environment claim is unexhausted and untimely by six years because plaintiff

---

**2.** Section 1614.107 allows the federal agency to dismiss a complaint for reasons other than on the merits of the complainant's case, including failure to state a claim, failure to comply with applicable time limits, the complaint is the basis of a pending civil action or negotiated settlement agreement, the allegations are moot, or the complaint is part of a pattern of misuse of the EEO process. § 1614.107(a)(1)-(a)(9).

did not appeal the 1996 dismissal of the hostile work environment claim to the EEOC or pursue the matter in federal court within ninety days as required by 42 U.S.C. § 2000e–16(c).

Plaintiff argues that defendant was put on notice of his hostile work environment claim during the EEO administrative process, and, therefore, his claim is still legitimate. Plaintiff also argues that because he was a pro se litigant during the administrative process, this court should liberally construe any administrative requirements. In the alternative, plaintiff argues that his hostile work environment claim falls within the scope of the EEO investigation into his claim of age discrimination and retaliation, and, therefore, the administrative requirements were met.

■ Failure to pursue the administrative remedies required by the EEOC regulations bars judicial relief. *See e.g., Benford v. Frank,* 943 F.2d 609, 612 (6th Cir. 1991) ("The right to bring an action under Title VII regarding equal employment in the federal government is predicated upon the timely exhaustion of administrative remedies, as set forth in 29 C.F.R. § 1613.201 *et seq.*").

■ In this case, the Department dismissed plaintiff's hostile working environment claim in 1996 for failure to state a claim and untimeliness. In the letter dismissing the allegation, plaintiff was informed that he had the right to file an appeal with the EEOC within thirty days or file a civil action in federal court within ninety days. Def.'s Ex. 2. Plaintiff did not do so. Therefore, he failed to exhaust available administrative remedies. *See Brown,* 425 U.S. 820 at 829–834, 96 S.Ct. 1961, 48 L.Ed.2d 402 (dismissal upheld where the complainant did not file the judicial complaint within thirty days of the final agency action as required by 42 U.S.C. § 2000e–16(c)); *Burzynski v. Cohen,* 264 F.3d 611, 619 (6th Cir.2001).

The Supreme Court has stated, however, that the doctrine of equitable tolling may excuse an untimely filing. *Irwin v. Veterans Affairs,* 498 U.S. 89, 95, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) ("[T]he same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States.").

■ Equitable tolling is not appropriate in this case. The Sixth Circuit considers five factors to determine whether equitable tolling is available:

(1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement.

*Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir.1988).

■ Plaintiff had actual notice of the filing requirements, and none of the other factors help his case. The fact that plaintiff was pro se during the administrative process does not justify applying the doctrine. *See Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir.1999) (stating that ignorance of the law, even for a pro se prisoner, does not excuse prompt filing under the *Andrews* factors); *Barrow v. New Orleans S.S. Ass'n,* 932 F.2d 473, 478 (5th Cir.1991) ("[L]ack of knowledge of applicable filing deadlines is not a basis for tolling. Neither is a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period.").

■ Additionally, plaintiff's claim of hostile work environment is not within the scope of his age discrimination and retaliation claim that was processed by the EEOC. A judicial complaint must be limited "to the scope of the EEOC investigation reasonably expected to grow out of

the charge of discrimination." *Ang v. Procter & Gamble Co.*, 932 F.2d 540, 545 (6th Cir.1991) (quoting *EEOC v. Bailey, Inc.*, 563 F.2d 439, 446 (6th Cir.1977)). A claim for hostile work environment created by a co-worker could not possibly "grow out" of the EEO investigation into plaintiff's claim of age discrimination and retaliation.

If plaintiff is allowed to bring his hostile work environment claim, he would have successfully avoided the administrative exhaustion requirement. This court will not permit plaintiff to bootstrap his hostile work environment claim, which he failed to exhaust, by recasting it as part of his discrimination and retaliation claims.

To the extent plaintiff's current claim of hostile work environment relates to the 1996 claim of hostile working environment, plaintiff has failed to exhaust available administrative remedies. Defendant's motion for summary judgment as to this claim shall therefore be granted.

### III. Plaintiff's Other "Unexhausted" Claims: The Scope of the EEO Investigation

Defendant also moves for summary judgment on plaintiff's claim of age discrimination for non-selection of the VA 96–276 supervisor position. Defendant argues that because plaintiff did not file an administrative complaint or give defendant a notice of intent to file an age discrimination suit regarding the second non-selection, he has not exhausted administrative remedies for this claim. Similarly, defendant moves for summary judgment on plaintiff's claim of retaliation for participating in the EEO process when plaintiff was allegedly subjected to a secret criminal investigation and constructively discharged. Defendant argues that because these incidents occurred after the EEO investigation, they were not related to the EEO complaint and, therefore, have not been pursued administratively.

Plaintiff argues that his claim of age discrimination and retaliation that the EEO processed is broad enough to include the incidents occurring after he filed his EEO complaint with the Department. Specifically, plaintiff argues that "all of the issues contained in the complaint are in fact a continuation of the original claims made by the plaintiff before the EEOC." Pl.'s Br. at 7.

Cases discussing whether plaintiffs may litigate, without filing a new charge, incidents that take place after the initial charge on which the suit is based "cannot be harmonized." Barbara Lindemann, *et al, Employment Discrimination Law* 1452 (3d ed.1996). As Lindemann explains,

> Courts generally allow litigation of the subsequent events if the initial charge alleged a continuing violation. Courts sometimes also are inclined to do so if the subsequent events are "reasonably related" to the events at issue in, and the theory of, the charge, and if the EEOC in fact investigated (or at least had a reasonable opportunity to investigate) those subsequent events.

> Many courts take the contrary view, however, particularly where the subsequent, uncharged events were not actually investigated by the EEOC; where the uncharged acts were different in kind from those alleged in the charge; and where, under the circumstances, the charging party did, or reasonably might have been expected to, file a new charge. Where the subsequent conduct is alleged to be retaliation for the initial charge, some, but not all courts allow the retaliation claim to be brought.

*Id.* at 1451–53 (citations omitted).

█ As noted above, the Sixth Circuit holds that a judicial complaint must be limited "to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination." *Ang*, 932 F.2d at 545 (quoting *Bailey*, 563 F.2d at

446). The Sixth Circuit describes this as the "expected scope of investigation test." *Weigel v. Baptist Hosp. of East Tenn.*, 302 F.3d 367, 380 (6th Cir.2002). Under this test, "where facts related with respect to the charged claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim." *Davis v. Sodexho, Cumberland College Cafeteria*, 157 F.3d 460, 463 (6th Cir. 1998).[3]

A review of the submitted record in this case shows that plaintiff did not raise administratively his claims for non-selection for the supervisor position pursuant to VA 96–276, the "secret" investigation, and constructive discharge. As noted above, the only claim processed and investigated by the EEO was:

Whether Complainant was discriminated against based on his age (47—Date of Birth—10/23/48), sex (Male) and retaliated against based on his prior participation in the EEO process when on or around April 26, 1996, he was not selected for the position of Detroit Group Supervisor . . . .

Def.'s Ex. 1.

 The issue is, therefore, whether the age discrimination claim for non-selection pursuant to VA 96–276 and the retaliation claim regarding the secret investigation and constructive discharge could reasonably be expected to grow out of plaintiff's claim of age discrimination and retaliation in the EEO complaint.

 I conclude that the claims for denial of promotion to VA 96–276, secret investigation, and constructive discharge reasonably could have been expected to grow out of plaintiff's original claim of age discrimination and retaliation.[4]

---

**3.** The decision in *Ang* exemplifies the Sixth Circuit's use of this test. The court upheld a district court's dismissal of the plaintiff's race discrimination claim because the plaintiff's EEOC complaint only included a charge of national origin discrimination. Because the plaintiff's EEOC charge did not allege race discrimination, the EEOC did not investigate race discrimination nor was race discrimination within the scope of the investigation into national origin discrimination. According to the court, the EEOC complaint did not automatically expand due to the plaintiff's membership in more than one minority group. 932 F.2d at 546.

The decision in *Farmer v. ARA Servs., Inc.* 660 F.2d 1096 (6th Cir.1981)—a case cited approvingly by the Sixth Circuit in both *Weigel*, 302 F.3d at 380, and *Davis*, 157 F.3d at 463–64—demonstrates the opposite result. In this case, several female plaintiff who worked as "attendants" filed charges with the EEOC alleging denial of fair representation by their union in attempting to secure other jobs as "servicemen," which were preferable in terms of both hourly wage and length of work day. *Farmer*, 660 F.2d at 1101. Although their charges to the EEOC did not specifically allege that the wage scales in the collective bargaining agreement were discriminatory,

their subsequent federal court complaint pled equal pay claims against the union. The Sixth Circuit held that "an investigation of the attendant classification and its responsibilities in comparison with that of the serviceman classification would have led to the equal pay claims which the plaintiffs pled more explicitly in their federal court complaint." *Id.* at 1105. Therefore, the plaintiffs' Title VII claims before the district court did not exceed the scope of their administrative complaints. *Id.*

**4.** This decision is difficult, at least in part, due to the absence in the record of the actual EEO complaint and the administrative judge's decision. Instead, I must rely on the summaries of the EEO complaint in the Department's rulings, Def.'s Ex. 1–4.

The absence of this material from the record is unfortunate. In *Davis*, the Sixth Circuit stated that "[w]hen the EEOC investigation of one charge *in fact* reveals evidence of a different type of discrimination against the plaintiff, a lawsuit based on the newly understood claim will not be barred." 157 F.3d at 463 (emphasis in original) (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir.1970)). Without the administrative judge's opinion or reports of the EEO's inves-

As the Sixth Circuit stated in *Ang,* "because Title VII is a remedial statute, many courts refuse to narrowly construe the charge where such a construction would preclude a plaintiff from bringing a claim." 932 F.2d at 546. In this case, one of plaintiff's age discrimination claims and certain incidences of alleged retaliation would be precluded if plaintiff's complaint is narrowly construed.

Furthermore, a broad reading of the EEO charge is necessary, according to the Sixth Circuit, where Title VII claimants are "unschooled in the technicalities of the law and *proceed without counsel.*" *Id.* (emphasis added); *see also Davis,* 157 F.3d at 463 ("[C]harges are frequently filed by lay complainants, and the courts recognize that subsequent actions should not be restricted by the failure of a complainant to attach the correct legal conclusion to the EEOC claim, *conform to procedural technicalities,* or include 'the exact wording which might be required in a judicial pleading.' ") (emphasis added) (citing *Bailey,* 563 F.2d at 447; *EEOC v. McCall Printing Corp.,* 633 F.2d 1232, 1235 (6th Cir.1980)).

Claims of retaliation are especially likely to "grow out" of an EEOC complaint. As explained in *Ang,*

Courts have held "that it is unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier charge; the district court has ancillary jurisdiction to hear such a claim when it grows out of an administrative charge that is properly before the court." Because retaliation claims, by definition, arise after the filing of an EEOC charge, this rule promotes efficiency by requiring only one filing.

932 F.2d at 546–47 (quoting *Gupta v. East Texas State Univ.,* 654 F.2d 411, 414 (5th Cir.1981)); *see also Weigel,* 302 F.3d at 380 ("[Plaintiff's subsequent retaliation] claim clearly seems to be within the scope of any EEOC investigation expected to grow out of [plaintiff's] discriminatory hiring claim."); *Duggins v. Steak 'N Shake, Inc.,* 195 F.3d 828, 833 (6th Cir.1999) ("[R]etaliation naturally grows out of any underlying substantive discrimination charge, making a retaliation claim foreseeable to defendants.").

I cannot conclude, therefore, that as a matter of law, these three allegations could not reasonably have been expected to grow out of the EEO investigation into plaintiff's original claim of age discrimination and retaliation.

Regarding the age discrimination claim, the second non-selection was one to two months after the first non-selection. The second non-selection could be reasonably related to the events at issue in the first non-selection, and the theory of the claims are the exact same. Similarly, the alleged incidents of retaliation should not be viewed as independent violations of Title VII. Each allegation goes to plaintiff's ultimate claim of retaliation for participating in the EEO process.

Because these types of discrimination—age discrimination and discriminatory retaliation—were alleged at the administrative level, plaintiff should be deemed to have exhausted his administrative remedies with respect thereto. That each of the individual incidents was not specifically

tigation, I cannot know what was in fact revealed during the investigation. Thus, I cannot decide whether the charges in the judicial complaint could not have grown out of the EEO investigation. The EEO investigation may have been too narrow. As another circuit has held, if "the EEOC investigation is too narrow, a plaintiff should not be barred from raising additional claims in district court." *Robinson v. Dalton,* 107 F.3d 1018, 1026 (3d Cir.1997) (citing *Hicks v. ABT Assocs., Inc.,* 572 F.2d 960, 965 (3d Cir.1978)).

addressed does not preclude plaintiff from presenting them in this case.

Therefore, defendant's motion for summary judgment on plaintiff's claim of age discrimination pursuant to VA 96–276 and plaintiff's retaliation claims relating to the alleged secret investigation and constructive discharge shall be denied.

## CONCLUSION

It is, therefore,

**Ordered that**

1. Defendant's motion for summary judgment on plaintiff's claim of hostile work environment be, and hereby is, granted.
2. Defendant's motion for summary judgment on plaintiff's claim of age discrimination as to non-selection for a promotion pursuant to VA 96–276 be, and hereby is, denied.
3. Defendant's motion for summary judgment as to plaintiff's claim of retaliation based on the alleged secret investigation and constructive discharge be, and hereby is, denied.