**Clarence SEAY, Jr.,**

v.

**TENNESSEE VALLEY AUTHORITY
and Craven Crowell**

**No. 1:00–CV–168.**

United States District Court,
E.D. Tennessee,
At Chattanooga.

March 29, 2004.

John R. Benn, Sheffield, AL, for Plaintiff.

John E. Slater, Senior Litigation Attorney, Tennessee Valley Authority, Knoxville, TN, for Defendants.

## MEMORANDUM AND ORDER

EDGAR, Chief Judge.

Defendants Tennessee Valley Authority and Craven Crowell (collectively "TVA") move to strike the plaintiff's claims for compensatory damages on his remaining Title VII claims, Counts 75 and 129 of the amended complaint. [Court File No. 130]. TVA contends that plaintiff Seay failed to exhaust his administrative remedies to the extent Seay claims he is entitled to recover compensatory damages under Title VII. TVA asserts that during the course of the administrative proceedings, Seay did not explicitly claim that he had suffered injuries involving emotional distress or mental anguish and Seay did not demand relief in the form of compensatory damages. TVA relies primarily upon *Crawford v. Babbitt*, 186 F.3d 1322 (11th Cir.1999); *Gibson v. West*, 201 F.3d 990 (7th Cir.2000); *Fitzgerald v. Dep't of Veterans Affairs*, 121 F.3d 203 (5th Cir.1997).

There is a second part to TVA's motion. If the Court should decide to strike Seay's claims for compensatory damages on the remaining Title VII causes of action, then TVA further moves the Court to place the case on the "nonjury calendar." TVA argues that if there are no claims for compensatory damages on Counts 75 and 129, plaintiff is not entitled to a jury trial under 42 U.S.C. § 1981a(c). In support of its position that Seay is not entitled to a jury trial, TVA cites *Jones v. Dalton*, 1996 WL 421945, *3 (E.D.Pa. July 18, 1996); and *Journigan v. Eastover Bank For Sav.*, 805 F.Supp. 415, 418 (S.D.Miss.1992).

Seay opposes the motion [Court File No. 40]. After reviewing the record, the Court concludes that TVA's motion [Court File No. 130] is **DENIED**. Seay's claims for compensatory damages on his remaining Title VII claims are not precluded on the ground of failure to exhaust administrative remedies. Seay may present his Title VII

claims for compensatory damages on Counts 75 and 129 at a jury trial under 42 U.S.C. § 1981a(c).

## I. *TVA's Motion To Dismiss For Lack of Subject Matter Jurisdiction is Timely Filed*

■ Seay argues that TVA's motion should be summarily denied because it has not been timely filed. This argument fails. The Court finds that TVA's motion to dismiss the claims for compensatory damages on the remaining Title VII claims (Counts 75 and 129) on the ground of failure to exhaust administrative remedies is timely filed.

As explained *infra*, TVA's motion raises a question whether the Court lacks subject matter jurisdiction. The existence of subject matter jurisdiction is a question that may be raised at any time, by any party or *sua sponte* by the Court. *Community Health Plan of Ohio v. Mosser*, 347 F.3d 619, 622 (6th Cir.2003); *Young v. United States*, 332 F.3d 893, 895 (6th Cir.), *cert. denied*, — U.S. ——, 124 S.Ct. 507, 157 L.Ed.2d 378 (2003); *In re Millers Cove Energy Co.*, 128 F.3d 449, 450 (6th Cir. 1997); *Ford v. Hamilton Investments, Inc.*, 29 F.3d 255, 257 (6th Cir.1994); *Franzel v. Kerr Mfg. Co.*, 959 F.2d 628, 629–30 (6th Cir.1992); *Wooten v. United States*, 825 F.2d 1039, 1045 (6th Cir.1987); *Ambrose v. Welch*, 729 F.2d 1084, 1085 (6th Cir.1984); FED. R. CIV. P. 12(h)(3). Lack of subject matter jurisdiction is a non-waivable defect that may be raised at any time to justify dismissal of a pending action. *Ambrose*, 729 F.2d at 1085.

## II. *Estoppel*

■ Seay next argues that TVA is estopped from making its motion based upon TVA's answer to the complaint. In his original complaint [Court File No. 1] and his amended complaint filed with this Court on September 8, 2000 [Court File No. 41, pp. 40–41], Seay demands compen-satory damages and requests a jury trial. TVA filed its answer to the complaint on January 21, 2000. [Court File No. 4]. In its answer, TVA did not dispute the Seay's right to make a claim for compensatory damages and to request for a jury trial on his Title VII claims. The Twenty–Fourth Defense in TVA's answer denies that plaintiff is entitled to any relief sought and goes on to state: "Specifically, plaintiff is not entitled to compensatory damages with regard to any claims pled in the complaint, except for the Title VII race and reprisal claims." The Twenty–Fifth Defense in TVA's answer states; "Plaintiff is not entitled to a jury trial as to any claims pled in the complaint, except for the Title VII race and reprisal claims." [Court File No. 4, p. 19]. The first time that TVA ever raised an objection to plaintiffs' request for a jury trial and moved to dismiss the plaintiff's Title VII claims for compensatory damages on the ground of failure to exhaust administrative remedies was in the instant motion filed on March 4, 2004. [Court File No. 130].

Seay's estoppel argument fails. TVA's motion to dismiss the Title VII claims for compensatory damages on the ground of failure to exhaust administrative remedies is essentially a motion to dismiss for lack of subject matter jurisdiction. It is well settled that no action of the parties can confer subject matter jurisdiction upon a federal court. The subject matter jurisdiction of federal courts does not depend upon actions by the parties that may be characterized as waiver or estoppel. Principles of estoppel and waiver cannot be used by a party to confer subject matter jurisdiction on a federal court that otherwise lacks jurisdiction. *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites*, 456 U.S. 694, 702, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982); *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 377 n. 21, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978);

*American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951); *Fisher v. Peters,* 249 F.3d 433, 444 (6th Cir.2001); *Douglas v. E.G. Baldwin & Associates, Inc.,* 150 F.3d 604, 608–09 (6th Cir.1998); *Mickler v. Nimishillen and Tuscarawas Railway Co.,* 13 F.3d 184, 189 (6th Cir.1993); *McClinton v. Vickers Corp.,* 995 F.2d 1067, 1993 WL 191883 (6th Cir.1993); *Franzel,* 959 F.2d at 630; *Wooten,* 825 F.2d at 1045.

In sum, TVA through its conduct cannot waive the requirement of subject matter jurisdiction by failing or neglecting to challenge jurisdiction earlier in these proceedings. TVA is not estopped from making its motion to dismiss the Title VII claims for compensatory damages on the ground that Seay failed to exhaust his administrative remedies because the motion goes to the issue of whether this Court has subject matter jurisdiction.

## III. *Compensatory Damages and Right To Jury Trial in Title VII Cases*

Before addressing the merits of TVA's motion and the questions of exhaustion of administrative remedies and subject matter jurisdiction, it is necessary to explain the law governing claims for compensatory damages and the right to a jury trial in Title VII cases. 42 U.S.C. § 1981a(c)(1) provides that if a complaining party seeks compensatory damages under 42 U.S.C. § 1981a, "any party may demand a trial by jury." *See Pollard v. E.I. du Pont de Nemours,* 532 U.S. 843, 848, 121 S.Ct. 1946, 150 L.Ed.2d 62 (2001). 42 U.S.C. § 1981a(b)(2) provides that compensatory damages "shall not include backpay, interest on backpay, or any other type of relief authorized under" 42 U.S.C. § 2000e–5(g).

What exactly are "compensatory damages" under 42 U.S.C. § 1981a? The answer to this question is found in 42 U.S.C. § 1981a(b)(3) which provides a limitation on the amount of compensatory damages

awarded for "future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses . . . ." *See Landgraf v. USI Film Products,* 511 U.S. 244, 253, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994); *Moore v. KUKA Welding Systems & Robot Corp.,* 171 F.3d 1073, 1082 (6th Cir.1999).

Back pay and front pay are not elements of compensatory damages for Seay's employment discrimination claims brought under Title VII and 42 U.S.C. § 1981a. *Landgraf,* 511 U.S. at 253, 114 S.Ct. 1483; *Pollard,* 532 U.S. at 848–54, 121 S.Ct. 1946 (Front pay is not an element of compensatory damages within the meaning of 42 U.S.C. § 1981a). Reinstatement is not always a viable option for equitable relief under Title VII, and an award of front pay is a substitute remedy in lieu of reinstatement. *Id.; Hall v. Consolidated Freightways Corp. of Delaware,* 337 F.3d 669, 673 (6th Cir.2003); *E.E.O.C. v. Harbert–Yeargin, Inc.,* 266 F.3d 498, 517 (6th Cir.2001); *Hudson v. Reno,* 130 F.3d 1193, 1203–04 (6th Cir.1997); *Roush v. KFC Nat. Management Co.,* 10 F.3d 392, 398–400 (6th Cir.1993); *cf. Fite v. First Tennessee Production Credit Ass'n,* 861 F.2d 884, 892 (6th Cir.1988); *Davis v. Combustion Engineering, Inc.,* 742 F.2d 916, 922–23 (6th Cir.1984).

It is for the Court to decide whether front pay is an appropriate remedy in lieu of reinstatement. If the Court determines that front pay is appropriate, the amount of any award of front pay is an issue of fact for the jury to decide. *Hudson,* 130 F.3d at 1203–04; *Wells v. New Cherokee Corp.,* 58 F.3d 233, 238–39 (6th Cir.1995); *Jackson v. City of Cookeville,* 31 F.3d 1354 (6th Cir.1994); *Roush,* 10 F.3d at 398; *Fite,* 861 F.2d at 892–93; *Kulling v. Grinders For Industry, Inc.,* 185 F.Supp.2d 800, 811–12 (E.D.Mich.2002).

For there to be a basis for Seay to demand compensatory damages under Title VII and 42 U.S.C. § 1981a, he is required to assert a claim for future pecuniary loss (excluding front pay), emotional pain or suffering, inconvenience, mental anguish, loss of enjoyment of life, or other similar nonpecuniary losses. *Moore,* 171 F.3d at 1082; *Turic v. Holland Hospitality, Inc.,* 85 F.3d 1211, 1215 (6th Cir.1996); *see also Harbert–Yeargin,* 266 F.3d at 517. In his amended complaint [Court File No. 41], Seay avers in Counts 75 and 129 that TVA's conduct has caused him to suffer emotional distress and Seay demands compensatory damages. The final pretrial order [Court File No. 138], which supplants the pleadings, provides that Seay is asserting a claim for compensatory damages.

Seay's own testimony, along with the facts and circumstances of his case, can suffice to sustain his burden of proving emotional pain and suffering, mental anguish, or loss of enjoyment of life. A Title VII plaintiff can prove mental or emotional injury by his own testimony without supporting medical evidence or expert medical testimony. *Moore,* 171 F.3d at 1082–83; *Turic,* 85 F.3d at 1215; *Moody v. Pepsi–Cola Metropolitan Bottling Co.,* 915 F.2d 201, 210 (6th Cir.1990). Compensatory damages for mental or emotional injury will not be presumed, and must be proven by competent evidence. *Carey v. Piphus,* 435 U.S. 247, 263–64 n. 20, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978); *Turic,* 85 F.3d at 1215.

## IV. *Exhaustion of Administrative Remedies and Subject Matter Jurisdiction*

█ Seay is required to exhaust his administrative remedies on his Title VII claims prior to seeking judicial relief in federal court. *Brown v. General Services Administration,* 425 U.S. 820, 832, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976); *Haithcock v. Frank,* 958 F.2d 671, 675 (6th

Cir.1992); *Ang v. Procter & Gamble Co.,* 932 F.2d 540, 545 (6th Cir.1991); *Smith v. Healthsouth Rehabilitation Center,* 234 F.Supp.2d 812, 814 (W.D.Tenn.2002). In permitting federal employees to bring suit under Title VII, Congress conditioned the United States government's waiver of sovereign immunity upon the plaintiff employee's exhaustion of administrative remedies. *Brown,* 425 U.S. at 833, 96 S.Ct. 1961; *Steiner v. Henderson,* 354 F.3d 432, 434–35 (6th Cir.2003); *McFarland v. Henderson,* 307 F.3d 402, 406 (6th Cir. 2002).

Federal courts do not have subject matter jurisdiction to hear and adjudicate a Title VII claim unless either Seay explicitly filed the claim in an EEOC charge or the claim can reasonably be expected to grow out of the EEOC's investigation of the charge. Courts, including the Sixth Circuit, have expanded the requirement for filing an EEOC charge to include claims limited to the scope of the EEOC investigation reasonably expected to grow out of the discrimination charge. *Delisle v. Brimfield Township Police Department,* 94 Fed.Appx. 247, 253–54, 2004 WL 445181, *6 (6th Cir.2004); *Weigel v. Baptist Hospital of East Tennessee,* 302 F.3d 367, 379–81 (6th Cir.2002); *Cleveland Branch, N.A.A.C.P. v. City of Parma, OH,* 263 F.3d 513, 534–36 (6th Cir.2001); *Strouss v. Michigan Department of Corrections,* 250 F.3d 336, 342 (6th Cir.2001); *Duggins v. Steak 'N Shake, Inc.,* 195 F.3d 828, 832–33 (6th Cir.1999); *Davis v. Sodexho, Cumberland College Cafeteria,* 157 F.3d 460, 463–64 (6th Cir.1998); *Abeita v. TransAmerica Mailings, Inc.,* 159 F.3d 246, 254 (6th Cir.1998); *Ang,* 932 F.2d at 546–47; *Pearison v. Pinkerton's, Inc.,* 2002 WL 32060142, *4–5 (E.D.Tenn.2002). This is commonly referred to as the "expected scope of investigation test." *Weigel,* 302 F.3d at 380; *Johnston v. O'Neill,*

272 F.Supp.2d 696, 703–04 (N.D.Ohio 2003).

One reason for this relaxed test is that employment discrimination charges are frequently filed with the EEOC by lay persons who have little or no training and experience in the law. In determining whether Seay raised his charges at the administrative level so as to permit the exercise of subject matter jurisdiction in federal court, we are guided by the principle that discrimination charges filed with the EEOC by a non-lawyer complainant should not be narrowly restricted by his failure to attach the correct legal conclusion to an EEOC charge, conform to procedural technicalities, or include the exact wording that might be required in a judicial pleading. *Jones v. Sumser Retirement Village*, 209 F.3d 851, 853 (6th Cir. 2000); *Duggins*, 195 F.3d at 833; *Davis*, 157 F.3d at 463; *Haithcock*, 958 F.2d at 675; *EEOC v. McCall Printing Corp.*, 633 F.2d 1232, 1235 (6th Cir.1980); *EEOC v. The Bailey Co., Inc.*, 563 F.2d 439, 447 (6th Cir.1977); *Johnston*, 272 F.Supp.2d at 705; *see also Ang*, 932 F.2d at 546. An administrative charge filed with the EEOC that has been prepared by a non-lawyer without assistance from or representation by an attorney should be liberally and broadly construed to encompass all claims reasonably expected to grow out of the EEOC investigation of the charge made. *Sherman v. Chrysler Corp.*, 47 Fed.Appx. 716, 720, 2002 WL 31074591, *3 (6th Cir.2002); *Haithcock*, 958 F.2d at 677; *Cameron v. Bd. of Education of Hillsboro, Ohio School Dist.*, 795 F.Supp. 228, 234 (S.D.Ohio 1991).

The Court bears in mind that Title VII is a remedial statute. *Duggins*, 195 F.3d at 832; *Ang*, 932 F.2d at 546; *Johnston*, 272 F.Supp.2d at 705. A non-lawyer complainant who files a *pro se* discrimination charge with the EEOC seeking to initiate an investigation and administrative review process should not be harshly penalized for failing to draft the EEOC charge with the same degree of precision, detail, and legal quality as a pleading prepared by an attorney to be filed in court. Where facts related to the EEOC charge would reasonably prompt the EEOC to investigate a different uncharged claim, the plaintiff is not precluded from bringing suit in federal district court on that claim. *Weigel*, 302 F.3d at 380; *Young v. DaimlerChrysler Corp.*, 52 Fed.Appx. 637, 639–40, 2002 WL 31681917, *2–3 (6th Cir.2002); *Duggins*, 195 F.3d at 832; *Davis*, 157 F.3d at 463; *Haithcock*, 958 F.2d at 675–77; *Doan v. NSK Corp.*, 266 F.Supp.2d 629, 635–36 (E.D.Mich.2003).

When Seay made his charges to the EEOC, he acted entirely *pro se* without any legal advice and assistance from a licensed attorney at law. Although Seay was in his first year of study in law school, this certainly did not qualify him to be deemed an expert in Title VII litigation. Seay was not a licensed attorney when he filed the EEOC charges. Consequently, the relevant EEOC charges filed by Seay relating to Counts 75 and 129 will be liberally and broadly construed utilizing the expected scope of investigation test adopted by the Sixth Circuit.

The Court has reviewed the record to determine whether Seay raised claims for compensatory damages at the administrative level regarding Counts 75 and 129. The Court finds that Seay did not explicitly make a demand for relief in the form of compensatory damages in his EEOC charges pertaining to Counts 75 and 129. The EEOC complaint forms did not ask or require Seay to specify the particular remedies or forms of relief that he was demanding. The EEOC complaint forms did not ask any questions about whether Seay was asserting a claim for compensatory damages based on emotional distress,

emotional pain and suffering, or mental anguish due to race discrimination. Moreover, there is nothing in the EEOC complaint forms and accompanying instructions advising or notifying Seay that unless he explicitly asserted a claim for emotional or mental injury and demanded compensatory damages under Title VII, he would not be entitled to a jury trial later in federal district court pursuant to 42 U.S.C. § 1981a. Although this is not dispositive, it helps explain why Seay did not make an explicit demand for compensatory damages in his EEOC charges.

With regard to Count 129, Seay executed an EEOC complaint form on September 2, 1997. Seay attached to this EEOC charge a statement explaining the factual basis for his complaint that he was being subjected to racial harassment and discrimination. In the appended statement, Seay stated that the TVA Inspector General's office "was used only as a mechanism to further harass me with the purpose of causing substantial emotional distress directed at me which served no legitimate purpose." This was clearly an indication that Seay was alleging he had suffered some emotional distress or mental anguish. Based on this language in the EEOC charge referring to emotional distress, the Court concludes that it has subject matter jurisdiction to hear Seay's Title VII claim for compensatory damages under Count 129. A Title VII claim for compensatory damages against TVA under Count 129 based on emotional distress falls within the scope of the EEOC investigation reasonably expected to grow out of Seay's EEOC charge of race discrimination. Accordingly, the Court will not dismiss Seay's claim for compensatory damages under Count 129 on the ground of failure to exhaust administrative remedies and lack of subject matter jurisdiction.

■ Count 75 poses a more difficult problem. With regard to Count 75, the underlying EEOC charge filed by Seay did not contain any factual allegations that he had suffered emotional distress or mental anguish as a result of race discrimination. There is no reported Sixth Circuit caselaw directly on point that addresses this unusual situation where Seay made an EEOC charge of race discrimination but the EEOC charge (underlying Count 75) did not allege that the race discrimination caused Seay to suffer the injury of emotional distress and did not demand compensatory damages.

In *Fitzgerald*, 121 F.3d at 208–09, the Fifth Circuit indicates that it would require a Title VII plaintiff in a position similar to Seay to exhaust his administrative remedy by alleging particular facts in the EEOC charge demonstrating that he claims to have suffered an emotional or mental injury that might warrant an award of compensatory damages. The Sixth Circuit has not adopted the rationale and legal analysis in *Fitzgerald*. This Court will not follow and apply the *Fitzgerald* rationale in Seay's case.

In the absence of Sixth Circuit precedent directly on point, the Court broadly construes the *pro se* EEOC charge underlying Count 75. The Court will not construe the EEOC charge in a narrow, hyper-technical manner to preclude Seay from claiming compensatory damages as a remedy and form of relief with regard to Count 75. Seay's claim for compensatory damages under Count 75 generally falls within the scope of the EEOC investigation reasonably expected to grow out of the EEOC charge. It is objectively reasonable to expect that a comprehensive investigation by EEOC of Seay's charge would have at least explored the issue whether the charged race discrimination caused Seay to suffer emotional distress

which would support a claim for compensatory damages. Under the scope of the investigation test, the injury of emotional distress and the possible need to award compensatory damages to remedy that injury naturally grows out of the substantive EEOC charge of intentional race discrimination.

This is not a case where Seay claimed one type of Title VII discrimination (e.g. race discrimination) in his EEOC charges, and then later filed suit in federal district court asserting a entirely different Title VII claim based on another kind of discrimination (e.g. sex discrimination). Seay filed EEOC charges alleging race discrimination. Counts 75 and 129 in his amended complaint in the instant suit in federal court are based on the same EEOC charges of race discrimination. When Seay filed suit in this Court, he clarified and pleaded with more specificity the nature of the injury (emotional distress) that he contends was caused by the race discrimination and the relief he seeks for that injury (compensatory damages). The scope of the EEOC investigation reasonably expected to grow out of the EEOC charges would necessarily include and involve consideration of the injuries that Seay suffered as a result of the race discrimination and the forms of relief needed to remedy those injuries. Once the EEOC charge of race discrimination is made, it is reasonable to expect that the EEOC investigation would explore and focus on determining: (1) the particular injuries, if any, caused by the charged race discrimination; and (2) appropriate relief to redress the injuries.

### V. *Conclusion*

The Court is not persuaded that Seay failed to exhaust his administrative remedies. Seay's claims for compensatory damages on Counts 75 and 129 fall within the scope of the EEOC investigation reasonably expected to grow out of his EEOC charges of race discrimination. The Court expresses no opinion whether Seay will ultimately be able to prove at trial that he is entitled to recover any compensatory damages. The Court merely decides that Seay can present his Title VII claims for compensatory damages at trial. Because Seay's Title VII claims for compensatory damages on Counts 75 and 129 survive TVA's motion to dismiss, Seay has a right to a jury trial on his remaining Title VII claims pursuant to 42 U.S.C. § 1981a(c).

Accordingly, TVA's motion [Court File No. 130] is **DENIED**.

SO ORDERED.