*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2000 FED App. 0139P (6th Cir.)
File Name: 00a0139p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

DEBORAH L. JONES,
    *Plaintiff-Appellee,*

    *v.*       Nos. 98-4413/4436

SUMSER RETIREMENT
VILLAGE,
    *Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 95-01136—Ann Aldrich, District Judge.

Argued: January 28, 2000

Decided and Filed: April 19, 2000

Before: JONES, NORRIS, and SILER, Circuit Judges.

---

### COUNSEL

**ARGUED:** Irene C. Keyse-Walker, ARTER & HADDEN, Cleveland, Ohio, for Appellant. Edward L. Gilbert, Akron, Ohio, for Appellee. **ON BRIEF:** Irene C. Keyse-Walker, ARTER & HADDEN, Cleveland, Ohio, Thomas L. Feher, KAUFMAN & CUMBERLAND, Cleveland, Ohio, for Appellant. Edward L. Gilbert, Akron, Ohio, for Appellee.

1

—————————————

**OPINION**

—————————————

SILER, Circuit Judge.    Sumser Retirement Village ("Sumser"), defendant, appeals judgment for Deborah Jones, plaintiff, in this Americans with Disability Act ("ADA") claim.  Sumser, the employer, asserted that Jones did not administratively exhaust her claim, and, therefore, the district court lacked subject matter jurisdiction.  For the reasons discussed below, we REVERSE.

**BACKGROUND**

Sumser employed Jones as a dietary aide from 1991 until February 7, 1994.  Dietary aides at Sumser generally worked in pairs, with one taking responsibility for the kitchen duties, and the other for the dining room duties.  On August 6, 1993, Jones fell at work and injured her hip and back.  Her doctor ordered her not to return to work until October 25, 1993.  When her doctor released her to return to work, he did so with the restriction that she not lift any object heavier than 20 pounds.

Before returning to work, Jones met with Robert Houser, a former administrator at Sumser, to discuss her medical restrictions.  Houser asked her if she could return to work with her restrictions.  Jones said she could if she did not have to work by herself.  Jones anticipated that as long as two aides were working in tandem, she could arrange for her co-workers to do the heavy lifting.

Jones returned to work, but continued to have problems with her back.  In November 1993, her doctor restricted her to no more than 40 hours of work per week.  Her back problems worsened and her doctor ordered her not to work from November 23, 1993, until December 13, 1993.  When Jones returned to work, her doctor ordered her to minimize her bending, stooping, and crouching, to wear a back brace, and

discrimination. She stated in her charge of discrimination that she is disabled and that she believes her disability was a factor in Sumser's decision to fire her. She stated that she was laid off on February 7, 1994, and that her last day at work was January 11, 1994. A claim that she became unable to work on that day due to a failure to accommodate does not reasonably grow out of the initial charge. Therefore, Jones did not administratively exhaust her failure to accommodate claim.

Jones failed to exhaust her administrative remedies by not including the failure to accommodate allegation when she filed her claim with the OCRC. Therefore, she was precluded from bringing up that issue at the time she filed her claim in court.

REVERSED.

not to work more than 24 hours per week. On December 23, 1993, her doctor placed her on the restrictions that she not lift over 20 pounds, that she engage in limited stooping, bending, or crouching, and that she not work more than 24 hours per week. Jones worked out an informal arrangement with her co-workers. She asked them to do the dishes for the dinner meal while she did the dishes for the lunch meal. Jones said the lunch dishes were lighter and did not cause her to violate the restrictions.

On January 11, 1994, the dietary aide working with Jones became ill. A replacement was called in to work with Jones. The replacement had an accident and left. Jones asked for additional help, telling her supervisor, Ann Weigand, that she had already washed the dishes once that day and could not wash them again because of her back. Another employee, Zorka Spehar, was sent to help Jones. Jones testified that she asked Spehar to wash the dishes because she had already done it once that day. Spehar refused to do the dishes, forcing Jones to lift the heavy dish racks, aggravating her back injury. The next day her doctor told her she could not work. On January 27, 1994, Houser informed Jones that she would be terminated if she did not return to work by February 7, 1994. Jones did not return to work and was terminated on that date. Jones filed an action alleging Sumser discriminated against her because of her disability in violation of the ADA. A jury found for her and awarded her compensatory damages.

### DISCUSSION

This court reviews de novo "the legal question behind a dismissal for subject matter jurisdiction." *Abeita v. Transamerica Mailings, Inc.,* 159 F.3d 246, 254 (6th Cir. 1998).

Sumser contends that the district court lacked jurisdiction because Jones did not administratively exhaust her federal accommodation claim. Jones did not explicitly state in her charge of discrimination filed on February 28, 1994, with the

Ohio Civil Rights Commission ("OCRC"), that Sumser failed to accommodate her disability. "Federal courts do not have subject matter jurisdiction of Title VII claims unless the claimant explicitly files the claim in an EEOC charge or the claim can reasonably be expected to grow out of the EEOC charge." *Id.* at 254. The regulatory requirement that a claimant's written charge be "sufficiently precise to identify the parties, and to describe generally the action or practices complained of" has two purposes. *Id.* First, the requirement provides the basis for the EEOC's "attempt to obtain voluntary compliance with the law." Second, these attempts "notify potential defendants of the nature of plaintiff's claims and provide them the opportunity to settle the claims before the EEOC rather than litigate them." *Id.*

A complainant need not "attach the correct legal conclusion" to allegations in the charge, "conform to legal technicalities," or use "the exact wording which might be required in a judicial pleading." *Davis v. Sodhexo,* 157 F.3d 460, 463 (6th Cir. 1998). However, this expanded rule does not maintain "that plaintiffs are excused from filing charges on a particular discrimination claim before suing in federal court." *Id.* The claim must grow out of the investigation or the facts alleged in the charge must be sufficiently related to the claim such that those facts would prompt an investigation of the claim. *Id.* at 464. Her claim did not meet this test.

Jones's February 28, 1994, charge did not explicitly allege that Sumser failed to accommodate her disability. Furthermore, such a claim does not reasonably grow out of the facts and claims she asserted. The written charge specifically alleged only a termination claim. Nothing in the charge pointed to any claim other than an improper refusal to keep Jones's job open while she recovered. The portion of the form asking for the date the discrimination took place asks the charging party to enter the earliest date that the discrimination allegedly occurred. Jones did not mention the date of the alleged failure to accommodate which was January 11, 1994. The date she entered was February 7, 1994,

the termination date. A termination claim differs in kind and date from an accommodation claim. Furthermore, the facts relevant to the termination of February 7, and an alleged failure to accommodate on January 11, are far different.[1] The accommodation claim did not "grow out of" the investigation of her termination claim.

The OCRC investigated Jones's termination claim and informed her that her claim had been denied. Only then did Jones allege new facts and a new claim. The OCRC refused to accept the amended charge because it was untimely. Jones's counsel made no efforts to file this new charge with the EEOC. Sumser had no notice of the new claim until service of the district court complaint.

The district court found that Jones's charge included the date of January 11, as the last day worked, and that it was filed pro se. From these two facts, the court concluded that a claim for failure to accommodate "could reasonably be expected to grow out of" the initial charge. The facts do not support that conclusion. First, the inclusion of a single date, identified only as the last day of work, does not trigger an investigation into whether Jones was injured on that date as a result of a failure to accommodate. Second, the liberal construction to be given charges filed by lay complainants pertains to legal and procedural technicalities. It cannot extend to include facts and claims not alleged.

Jones's claim of failure to accommodate could not reasonably be expected to grow out of her initial charge of

---

[1]Facts relevant to a claim for failure to accommodate include: (1) need for assistance washing dishes; (2) employer's knowledge of employee's need for help washing dishes; (3) employee's request for help; (4) employer's refusal to help; and (5) injuries resulting from washing dishes on January 11.

Facts relevant to a claim for improper termination include: (1) employee's disability; (2) absence from work due to disability; (3) employer's policy on permissible leave; (4) reasons given for employee's termination; and (5) employee's ability to return to work.