George J. REESE, Plaintiff–Appellant,

Marlene R. Reese, Plaintiff,

v.

INDUSTRIAL COMMISSION OF OHIO; Ohio Bureau of Workers Compensation, Defendants–Appellees.

No. 00–3763.

United States Court of Appeals, Sixth Circuit.

Jan. 31, 2001.

[*] The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation.

Before DAUGHTREY and GILMAN, Circuit Judges; HEYBURN, District Judge.*

George Reese, a pro se Ohio citizen, appeals a district court order dismissing his civil rights action filed under 42 U.S.C. § 1983 and the American with Disabilities Act (ADA), 42 U.S.C. § 12112(a). The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Reese and his wife, Marlene Reese, sued the Industrial Commission of Ohio and the Ohio Bureau of Workers' Compensation, alleging that the defendants improperly denied George Reese's claim for injury, improperly concluded that Reese did not have a permanent partial disability, and incorrectly calculated his disability compensation. The district court concluded that Reese's allegations under § 1983 failed to state a claim and that it lacked subject matter jurisdiction over his ADA claim; therefore, the court dismissed the case. Only George Reese filed a timely appeal from this decision.

Upon review, we conclude that the district court properly dismissed Reese's complaint for failure to state a claim. This court reviews de novo a district court's dismissal of a case for failure to state a claim under Fed.R.Civ.P. 12(b)(6). *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir.1998). The court must construe the complaint in the light most favorable to the plaintiff, accept his factual allegations as true, and determine whether he can prove any set of facts in support of his claims that would entitle him to relief. *Id.* Further, this court reviews de novo the

* The Honorable John G. Heyburn II, United States District Judge for the Western District of Kentucky, sitting by designation.

district court's dismissal of a case for lack of subject matter jurisdiction. *Jones v. Sumser Retirement Village,* 209 F.3d 851, 853 (6th Cir.2000); *Abeita v. Trans-America Mailings, Inc.,* 159 F.3d 246, 254 (6th Cir.1998).

▮ Reese has failed to state a claim under § 1983. Under that statute, a person who deprives an individual of any federal constitutional or statutory right is liable to that individual. However, state agencies, such as the defendants in this case, are not considered a "person" for purposes of liability under § 1983. *Howlett v. Rose,* 496 U.S. 356, 383, 110 S.Ct. 2430, 110 L.Ed.2d 332 (1990); *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 70–71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

▮ The district court also properly dismissed Reese's ADA claim for lack of subject matter jurisdiction. It is undisputed that Reese never filed a claim with the EEOC or the Ohio Civil Rights Commission alleging that the defendants discriminated against him because of his disability. Since Reese failed to file this claim, the federal courts do not have subject matter jurisdiction over his ADA claim. *Jones,* 209 F.3d at 853; *Abeita,* 159 F.3d at 254.

Accordingly, this court affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.