**Philip BURKE, Plaintiff,**

v.

**ETHYL PETROLEUM ADDITIVES, INC., Defendant.**

**No. 04–CV–0280–MJR.**

United States District Court, S.D. Illinois.

March 9, 2005.

Patrick R. Foley, Becker, Paulson et al., Generally Admitted, Belleville, IL, for Plaintiff.

James N. Foster, Jr., Robert D. Younger, Mary Carter Martin, McMahon, Berger et al., St. Louis, MO, for Defendant.

### MEMORANDUM and ORDER

REAGAN, District Judge.

Now before the Court is Defendant Ethyl Petroleum Additives, Inc.'s "Motion to Dismiss" (Doc. 5) and memorandum in support (Doc. 6) as to Plaintiff Philip Burke's complaint (Doc. 1) against Defendant. Burke claims Defendant discriminated against him on the basis of an alleged disability in violation of 42 U.S.C. 12101, *et seq.*, the Americans with Disabilities Act (ADA). Count One of Burke's complaint contends Burke was discharged from his position with Defendant because of his alleged disability. Additionally, paragraphs 19–22 of Count One state Defendant discriminated against Burke by refusing to reasonably accommodate Burke's alleged disability. Count Two, not at issue in this motion, alleges Burke was discriminated against because he was discharged in retaliation for exercising rights under the Illinois Worker's Compensation Act. Defendant moves to dismiss that portion of Count One regarding Burke's failure to accommodate claim.

## Factual Background and Procedural History

Defendant operates a petroleum additives facility in Sauget, Illinois, located within this District. Burke began working for Defendant on August 25, 1986. During the course of his employment he held different positions with Defendant, the last being Shipping Coordinator.

Burke suffers from degenerative disk disease and carpal tunnel syndrome causing him to have had multiple surgeries. On December 12, 2002, Burke informed the plant nurse of his impending surgery for carpal tunnel syndrome. As his carpal tunnel syndrome was work related, Burke notified Defendant of his intent to file a workman's compensation claim.

In late December 2002, Burke slipped on ice, further exacerbating his existing degenerative disk condition, causing him to stay home from work for two days with the approval of Defendant. Upon Burke's return to work he was told since he had injured himself in the course of his employment, he had to be examined by the plant physician before he could return to work.

During the plant physician's examination, she took notice that Burke was taking MSContin and Oxycodone, as prescribed by the Pain Management Center at SLU-Care, for chronic hand and back pain. Burke states he had been taking the medications for about three months and had informed Defendant of that fact multiple times before. The physician informed Burke that Defendant does not allow employees to work while taking any painkillers stronger than codeine. Burke was told to return home while his medical situation was reviewed.

On January 13, 2003, Burke was told to return to work where he was informed that he was being permanently laid off due to "cost cutting measures". Thereafter, on July 25, 2003, Burke filed a timely charge of discrimination with the Equal Employment Opportunity Commission (EEOC), Cause No. 280–2003–12710. His charge stated:

> I worked for the above named Employer for approximately sixteen (16) years. I was hired by the Employer on or about August 25, 1986. I last worked for the Employer as a Shipping Coordinator. I believe that I have been discriminated against in regard to my lay off and/or discharge of January 13, 2003. I was told that I was permanently laid off due to cost cutting measures. I was the only employee laid off at this time for the above stated reason. There were two Shipping Coordinators and I was more senior than the other Shipping Coordinator who was retained. The Employer did not want me to continue working due to the pain medications I was taking. I believe that I have been discriminated against due to my disability in violation of the ADA. The Employer regarded me as a person with a disability due to the pain medications I was taking. I believe that I have been discriminated against due to my disability in violation of the ADA. The Employer regarded me as a person with a disability due to the pain medications I was taking.

Doc. 1, Exh. A. On January 29, 2004, Burke received a Notice of Right to Sue letter from the EEOC informing him of his right to file a civil action under the ADA for discrimination in employment within 90 days from receipt of notice. Burke then filed this action on April 23, 2004 (Doc. 1).

Defendant then filed this motion to dismiss (Doc. 5) and memorandum in support (Doc. 6). In its motion to dismiss, Defendant argues that Burke's claim in paragraphs 19–22 of Count One, that he was discriminated against because Defendant

allegedly refused to reasonably accommodate Burke's alleged disability, must be dismissed as these allegations were not included in a timely filed EEOC charge of discrimination. Burke responded in opposition at Docs. 14 and 15, to which Defendant replied at Doc. 19. This matter being fully briefed, the Court begins its analysis with a recitation of the standard governing a motion to dismiss.

### Standard Governing a Motion to Dismiss

The purpose of a motion to dismiss under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) is to "test the sufficiency of the complaint, not to decide the merits" of the case. *Triad Associates, Inc. v. Chicago Housing Auth.*, 892 F.2d 583, 586 (7th Cir.1989). When deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts as true all well-pled factual allegations and resolves in the plaintiff's favor all reasonable inferences. *Echevarria v. Chicago Title & Trust Co.*, 256 F.3d 623, 625 (7th Cir.2001), *citing Transit Express, Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001).

Dismissal for failure to state a claim is proper only if the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. *Alper v. Altheimer & Gray*, 257 F.3d 680, 684 (7th Cir.2001), *citing Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), *and Veazey v. Communications & Cable of Chicago, Inc.*, 194 F.3d 850, 854 (7th Cir.1999). *Accord Galdikas v. Fagan*, 342 F.3d 684, 686 (7th Cir.2003)("Dismissal is proper if it appears beyond doubt that the plaintiffs cannot prove any set of facts entitling them to relief.").

### Analysis

**1. Defendant's motion to dismiss.**

■ Defendant argues that Burke cannot assert claims regarding Defendant's alleged refusal to accommodate Burke's alleged disability because such claims were not included in his charge of discrimination filed with the EEOC. Defendant argues that Burke's charge focuses solely on his termination and makes no other claims. In response, Burke argues that his EEOC charge puts Defendant on notice that Defendant did not want Burke to continue working. Burke asserts that "[i]mplicit in this accusation is the complaint that there was no discussion between the parties and he was not afforded his rights under the ADA to discuss his options for accommodation." Doc. 15, p. 4. However, the Court finds this argument to be without merit.

■ Generally a plaintiff may not bring claims under Title VII that were not originally brought among the charges made to the EEOC. *Harper v. Godfrey Co.*, 45 F.3d 143, 147–48 (7th Cir.1995). This rule serves two purposes: (1) affording the EEOC an opportunity to settle the dispute and (2) to put the employer on notice of the charges against it. *Id.,citing Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir.1992). However, the Seventh Circuit has allowed claims in a plaintiff's complaint that are "like or reasonably related" to the EEOC charges and that reasonably can be expected to grow out of an EEOC investigation of the charges. *Id.*

To include a discrimination claim in a federal district court complaint that was not brought in the charges filed with the EEOC, the Seventh Circuit has held that a plaintiff must pass a two prong test: (1) the claim is like or reasonably related to the EEOC charges, and (2) the claim in the complaint reasonably could develop from the EEOC investigation into the original charges. *Id.* at 148, *citing Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164 (7th Cir.1976).

The Seventh Circuit has squarely decided the issue before this Court of whether or not a claim for failure to accommodate is like or reasonably related to a claim of discriminatory treatment under the ADA. In *Green v. Nat'l Steel Corp.*, 197 F.3d 894 (7th Cir.1999), the plaintiff alleged that the defendant violated the ADA by failing to make reasonable accommodations for her disability and that she was wrongfully terminated because of her disability. In her complaint, plaintiff alleged that she was not provided with a suitable desk chair, appropriate dimmer lighting or handicap parking, all necessary for her disability. *Id.* at. 898. However, plaintiff did not allege defendant's purported failure to accommodate with the EEOC. *Id.* Nor did she include any of these allegations in her EEOC complaint. *Id.*

The Seventh Circuit found the plaintiff's failure to accommodate claim and claim of discriminatory treatment under the ADA were not like or reasonably related to one another, and as such, dismissed plaintiff's claim for failure to accommodate as she did not allege it in her EEOC complaint. *Id.* The Seventh Circuit reasoned that "a failure to accommodate claim is separate and distinct from a claim of discriminatory treatment under the ADA" as the two types of claims are analyzed differently under the law. *Id., see Weigel v. Target Stores,* 122 F.3d 461, 464 (7th Cir.1997). As such, the Seventh Circuit stated a failure to accommodate claim and a claim of discriminatory treatment under the ADA are not like or reasonably related to one another, and one cannot expect a failure to accommodate claim to develop from an investigation into a claim that an employee was terminated because of a disability. *Id.*

Turning to Burke's charge with the EEOC, nowhere in it does Burke state that Defendant failed to accommodate his disability. Moreover, nowhere in his EEOC charge does Burke mention any actions or inactions taken by Defendant related to his disability or when they occurred so as to demonstrate their failure to accommodate Burke. Further, Burke's charge is completely devoid of any requests he made for accommodation. Moreover, the only date mentioned in the charge is Burke's date of termination. *Cf. Jones v. Sumser Retirement Village,* 209 F.3d 851 (6th Cir.2000)(**taking into consideration that plaintiff did not mentioned the date of the alleged failure to accommodate in her EEOC charge in finding that the accommodation claim did not grow out of the wrongful discharge claim**). Nothing in Burke's charge places Defendant on notice of a failure to accommodate charge. As such, the Court finds that any claim for failure to accommodate in Count One must be dismissed as it is not reasonably related to the wrongful termination claim.

### 2. Burke's request for leave to amend his complaint.

■ In the event the Court dismisses Burke's accommodation claim in Count One, Burke asks the Court for leave to file an amended complaint. FEDERAL RULE OF CIVIL PROCEDURE 15(a) provides that leave to amend shall be freely given when justice so requires. *See also Dubicz v. Commonwealth Edison Co.,* 377 F.3d 787, 792 (7th Cir.2004). However, "[a]lthough leave to amend a complaint should be freely granted when justice so requires, the district court need not allow an amendment . . . when the amendment would be futile." *Bethany Pharmacal Co., Inc. v. QVC, Inc.,* 241 F.3d 854, 860–61 (7th Cir.2001). A new claim is futile if it would not withstand a motion to dismiss. *Vargas–Harrison v. Racine Unified School Dist.,* 272 F.3d 964, 974 (7th Cir.2001).

In this instance, Defendant objects to Burke's request for leave to amend as any claim as to failure to accommodate must be

denied as Burke never submitted any such claim to the EEOC. Assuming Burke is asking this Court for leave to amend so as to massage his failure to accommodate claim, the Court agrees with Defendant that leave to amend is futile. No amendment would cure that claim. If Burke is seeking leave to amend for any other reason, a separate motion seeking leave to amend should be filed with this Court in compliance with the Court's Local Rule 15.1 and CM/ECF rules regarding emailing of proposed amended pleadings.

### 3. Defendant's request for attorney's fees.

Defendant argues it is entitled to attorney's fees incurred in filing this motion to dismiss as a prevailing party under the ADA. *See* 42 U.S.C. 12205. Defendant is correct in that under the ADA, a court has discretion to award a reasonable attorney's fee to a prevailing party. 42 U.S.C. 12205. However, "nothing in Section 12205 suggests that the court must award fees." *Adkins v. Briggs & Stratton Corp.*, 159 F.3d 306, 307 (7th Cir.1998) (**considering defendant who prevailed on a motion to dismiss in an ADA case a "prevailing party" for purposes of attorney's fees**). And as such, this Court finds that the record before it does not warrant awarding attorney's fees at this time.

### Conclusion

The Court hereby **GRANTS** Defendant's "Motion to Dismiss" (Doc. 5) and **DISMISSES** Plaintiff's failure to accommodate claim in Count One.

The Court **DENIES** Defendant's request for attorney fees incurred as a result of this motion.

**IT IS SO ORDERED.**